SKC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

A.M.A.S,
Petitioner,
v.
John Cantu, et al.,
Respondents.

No. CV-26-02888-PHX-JCH (CDB)

**ORDER TO SHOW CAUSE**

Petitioner, through counsel, filed a Petition under 28 U.S.C. § 2241 challenging his immigration detention (Doc. 1), an Emergency Motion for Temporary Injunction (Doc. 2),[1] and a Motion to Proceed Under Initials and for Limited Protective Order Regarding Petitioner's Identity (Doc. 3). While those Motions were pending, Petitioner filed an Emergency Notice of Post-Filing Transfer and Motion to Preserve Jurisdiction and Expedite TRO (Doc. 6.).

**I. Petition**

Petitioner challenges his present immigration detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing his detention is prolonged and there is no significant probability of his removal in the reasonably foreseeable future. (Doc. 1.)

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits

[1] Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture and will deny the Motion without prejudice.

by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**II. Motion to Proceed Under Initials/Motion for Limited Protective Order**

Petitioner asks the Court to allow him to proceed on the public docket under only his initials and for "a narrowly tailored protective order requiring redaction of Petitioner's full name from public filings." (Doc. 3 at 2.) Petitioner asserts that he was granted protection under the Convention Against Torture (CAT) and that public disclosure of his full name in connection with these proceedings would risk exposing sensitive information and undermining the confidentiality interests long recognized in CAT matters. (*Id.*) Petitioner notes his identity has not been withheld from Respondents, and he is he is not seeking a blanket sealing order. Finally, Petitioner contends courts in the Ninth Circuit routinely permit habeas petitioners in asylum-related matters to proceed under their initials in these circumstances. The Court will grant the Motion.

**III. Motion to Preserve Jurisdiction and Expedite TRO**

Counsel for Petitioner submits a declaration with the Motion to Preserve Jurisdiction and Expedite TRO stating that, on April 27, 2026, at approximately 12:30 p.m., Petitioner's sister contacted counsel and advised that Petitioner had been transferred to Louisiana. (Doc. 6-2 at 1.) To date, Petitioner has been transferred three times while in ICE custody, two of them occurring after 180 days of detention. (*Id.* at 2.) Petitioner seeks "narrowly tailored measures to ensure that this Court can rule on the pending TRO." (Doc. 6 at 4.) As relief, Petitioner seeks expedited consideration of the pending Motion for TRO and an order that Respondents not transfer Petitioner again pending resolution of the TRO. (*Id.*)

It is well established that habeas jurisdiction attaches at the time of filing and is not defeated by a subsequent transfer of the petitioner. *See Ex parte Endo*, 323 U.S. 283, 307 (1944) (the District Court's authority to issue a writ of habeas corpus is "in no way impaired or defeated by the removal of the prisoner from the [court's] territorial jurisdiction" as long as a respondent who has custody of the prisoner is "within reach of the court's process even though the prisoner has been removed from the district since the suit was begun"); *Francis*

*v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985))); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (recognizing that a court acquires jurisdiction over a habeas action if the petitioner "properly name[s] [his] immediate custodian and file[s] in the district of confinement"). Because Petitioner's transfer does not strip the Court of jurisdiction over the Petition, and the Court is requiring Respondents to promptly show cause why the Petition should not be granted, the Court will deny as moot the Motion to Preserve Jurisdiction and Expedite TRO.

**IT IS ORDERED:**

(1) Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2) Petitioner's Motion to Proceed Under Initials/Motion for Limited Protective Order (Doc. 3) is **granted**. In public filings, the parties must refer to Petitioner as "Petitioner" or by his initials only. All documents filed on the public docket containing Petitioner's full name must be redacted accordingly.

(3) Petitioner's Motion to Preserve Jurisdiction and Expedite TRO (Doc. 6) is **denied as moot**.

(4) Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(5) If not already issued, the Clerk of Court must issue any properly completed summonses.

(6) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(7) Respondents must show cause no later than **May 6, 2026**, why the Petition should not be granted.

(8) Petitioner may file a reply no later than **May 8, 2026**.

Dated this 28th day of April, 2026.

John C. Hinderaker
United States District Judge